HERBST DEPARTMENT STORE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6642.      Promulgated August 23, 1927.

The disallowance of a portion of the salaries paid to the officers of the petitioner corporation for the fiscal years ended June 30, 1920, and June 30, 1921, affirmed.

*W. F. Burnett, Esq.*, and *E. T. Conmy, Esq.*, for the petitioner.
*James A. O'Callaghan, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in income and profits tax for the fiscal years ended June 30, 1920, and June 30, 1921, in the amounts of $9,237.34 and $3,516.44, respectively. The petitioner also appeals from a disallowance of $20,400 of the salaries paid to its officers for the fiscal year ended June 30, 1922, but inasmuch as the disallowance only served to reduce the net loss for that year the Board has no jurisdiction to determine the correctness of the disallowance. (Section 274(g) of the Revenue Act of 1926.) The only question in issue is the correctness of the disallowance of the deduction from gross income of $20,125 of the salaries paid to the officers of the corporation for the year ended June 30, 1920, and $20,400 of those paid for the fiscal year ended June 30, 1921.

### FINDINGS OF FACT.

The petitioner is a North Dakota corporation, the capital stock of which was $60,000 up to 1923. It owns and operates a department store at Fargo, N. Dak. The business was founded by Isaac Herbst, who died in 1910. His widow, Emma K. Herbst, thereupon became president of the corporation and conducted the business for a number of years. During the taxable years ended June 30, 1920, and

June 30, 1921, the stock of the corporation was owned equally by Emma K. Herbst, and her two sons, J. Crone Herbst and Robert Herbst. J. Crone Herbst was 25 years old in 1919, and Robert Herbst was 17.

The business of the corporation expanded under the management of Emma K. Herbst. Sales for the years 1911 to 1916 showed an increase each year from $227,361.30 in 1911, to $366,457.11 in 1916. There was then a change in the fiscal year. The sales from January 15 to June 17, 1917, amounted to $147,375.22. For the fiscal years ended June 30, 1918, and June 30, 1919, the sales were, respectively, $406,545.52 and $549,796.05. The results of operations for the fiscal years ended June 30, 1920, June 30, 1921, and June 30, 1922, were as follows:

|  | 1920 | 1921 | 1922 |
|---|---|---|---|
| Sales | $750,913.45 | $807,620.80 | $728,167.17 |
| Gross profit | 275,168.17 | 229,427.17 | 207,582.04 |
| Expenses—including taxes, depreciation, etc | 206,598.59 | 218,730.18 | 229,497.50 |
| Net profit | 68,569.58 | 10,696.99 | Loss 21,915.46 |
| Salaries and wages | 76,234.21 | 91,845.79 | 95,364.17 |
| Officers' salaries | 49,125.00 | 49,400.00 | 49,400.00 |
| Total salaries | 125,359.21 | 141,245.79 | 144,764.17 |
| Capital stock | 60,000.00 | 60,000.00 | 60,000.00 |
| Surplus | 207,378.69 | 198,798.43 | 175,679.99 |

Emma K. Herbst was a woman of marked business ability and of pleasing personality. For a number of years succeeding 1910, the entire management of the store was in her hands. J. Crone Herbst, her eldest son, was a youth 16 years of age in 1910. He was taken into the store in his early youth and learned the business thoroughly. He was made president of the corporation on February 5, 1917. His salary and that of his mother immediately prior to January 3, 1919, was $8,000 per annum. On January 3, 1919, the salary of each was increased to $12,000 and on June 15, 1920, the salary of the former was increased to $25,000, and that of Emma K. Herbst to $22,000. This increase was made because in the opinion of the stockholders " the business warranted it." At the same time a salary of $6,000 per year was made payable to Robert Herbst, who was, at the time, 16 years of age and regularly attended school. He continued in school during the taxable years and worked only a part of his vacations in the store.

The salary of J. Crone Herbst was reduced from $25,000 to $21,000 per year on October 20, 1922, and that of his mother from $22,000 to $18,000. No reduction was made in Robert Herbst's salary. Emma K. Herbst died in 1923, and J. Crone Herbst's salary was reduced during that year from $18,000 to $15,000 per year. These

reductions were made because the stockholders were of the opinion that the business did not warrant the continued payment of the amounts paid in 1921 and 1922.

The corporation had about 100 employees during the taxable year, and an additional number were taken on during certain periods of the year. J. Crone Herbst, as president of the corporation, attended to a large part of the buying and to the advertising and display of merchandise. His mother, during the same period, assisted with the buying and established a benefit society for the aid of the employees. A large part of every day was spent by the mother in the store. Both the mother and son devoted their entire energies to the business and had no other business interests. During the taxable years they spent long hours in the store and worked evenings, upon plans for its enlargement.

The petitioner in its income-tax returns for the fiscal years ended June 30, 1920, and June 30, 1921, deducted from gross income for officers' salaries $55,125 for the earlier year and $55,400 for the latter. The respondent disallowed the deduction of $20,125 from the gross income of the former year and $20,400 from the gross income of the latter year and the deficiencies resulted principally from such disallowances.

OPINION.

SMITH: Section 234(a)(1) of the Revenue Acts of 1918 and 1921 permits a corporation to deduct from gross income "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered * * *." The amounts claimed as deductions on the petitioner's returns for the tax years involved were $6,000 in excess of the amount shown on the petitioner's books as salaries paid to officers. Presumably, this represented the $6,000 paid to Robert Herbst, the youngest son of Emma K. Herbst. The petitioner concedes that the salary of $6,000 a year paid to Robert Herbst is excessive but claims that the services were reasonably worth $1,500 to $1,800 a year. The respondent has disallowed the deduction of $20,125 paid as salaries for the fiscal year ended June 30, 1920, and $20,400 of those paid for the fiscal year ended June 30, 1921. The payment of these salaries took most of the profits of the business. The evidence indicates that the surplus actually decreased from $207,378.69 at June 30, 1920, to $175,679.99. This means that although there was an investment of more than $250,000 in the business there was practically no return left on such investment after the payment of the salaries. In other words, the profits of the

business were taken as salaries. In response to a question as to why the salaries of J. Crone Herbst and Emma K. Herbst were increased in 1920, the former testified " he felt that the business warranted it." In response to a question as to why they were reduced in 1922, he stated " because we did not feel that the business would warrant it." Although the amount paid to Robert Herbst in the taxable years was claimed as a deduction from gross income, the petitioner admits that the amount claimed is excessive and it was testified that the amount was paid to Robert in order that he might become interested in the business.

The evidence shows that the amounts paid to the stockholder officers in excess of the amounts allowed as deductions from gross income by the respondent were not reasonable allowances for salaries or other compensation for personal services rendered. Upon the record the disallowances are affirmed.

*Judgment will be entered for the respondent.*

Considered by LITTLETON.