T.C. Memo. 1995-491

UNITED STATES TAX COURT

PETER R. LITTLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3822-95.                    Filed October 11, 1995.

Peter R. Little, pro se.

<u>Blaise Gately Dusenberry</u> and <u>Andrew R. Ceccherini</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with

_____

[1]  All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. The question presented is whether petitioner filed his petition within the 90-day period prescribed by sections 6213(a) and 7502.

Background

On November 30, 1994, respondent mailed five separate statutory notices of deficiency to petitioner Peter R. Little (petitioner) determining deficiencies in and additions to his Federal income taxes for the years and in the amounts as follows:

| | | Additions to tax | |
| Year | Deficiency[1] | Sec. 6651(a)(1) | Sec. 6654 |
| 1988 | $13,470.04 | $1,603.01 | $359.92 |
| 1989 | 11,297.00 | 945.75 | 199.38 |
| 1990 | 22,364.83 | 2,354.46 | 525.37 |
| 1991 | 22,352.19 | 2,017.05 | 372.79 |
| 1992 | 18,029.00 | 213.25 | --- |

[1] The deficiencies were determined without regard to either withholding tax credits under section 31 or credit for certain payments to which petitioner is entitled. See sec. 6211(b)(1).

The deficiencies in income taxes are based on respondent's determination that petitioner failed to report substantial income from Princeton University and the Asia Foundation, as well as from other sources, on timely filed income tax returns for the years in issue. The additions to tax under section 6651(a)(1) are based on respondent's determination that petitioner's failure to timely file income tax returns for the years in issue was not due to reasonable cause. Finally, the additions to tax under

section 6654(a) are based on respondent's determination that petitioner failed to pay the requisite estimated income taxes for the years in issue.

There is no dispute regarding the date on which the notices of deficiency were mailed to petitioner. There is also no dispute regarding the fact that the notices of deficiency were mailed to petitioner at his last known address.

Petitioner filed a petition for redetermination with this Court on March 9, 1995, which date is 99 days after the mailing of the notices of deficiency. The petition, which was signed by petitioner and dated February 26, 1995, was mailed to the Court in a properly addressed envelope bearing a private postage meter postmark date of Monday, February 27, 1995.[2] The envelope, which was approximately 9-1/2 x 12-1/2 inches in size, does not reflect either the sender's return address or any designation by the sender of the class of mail service desired.

The envelope in question is not torn, damaged, or unusually soiled, nor does it appear to have been abused. There are no Postal Service markings, stamps, or imprints appearing on the envelope, such as a postage due stamp or an imprint indicating the class of mail assigned to the envelope. The only marking on the envelope is the docket number of this case, which was placed on the envelope by Court personnel.

---

[2] The private postage meter label affixed to the envelope reflects postage of $3. The envelope contained petitioner's 11 page petition with exhibits and his delinquent income tax returns for the 5 years in issue. Petitioner testified that the envelope weighed approximately a pound.

The petition was mailed to the Court from New York, New York.[3]  The parties agree that the ordinary delivery time for a properly addressed envelope sent from New York, New York, to Washington, D.C., is 3 days.

Respondent bases her motion to dismiss on the ground that petitioner failed to file his petition within the time prescribed in section 6213(a) or section 7502.  Petitioner filed an Objection to respondent's motion asserting that he timely mailed the petition and that, in his experience, the mailing time for large envelopes or "flats" between New York, New York, and Washington, D.C., is often as long as 2 weeks.

Hearings were conducted in this case on June 28, July 19, and August 16, 1995.  Although petitioner was unable to attend the first two hearings, he did appear at the third hearing on August 16, 1995, and presented testimony, as well as oral argument and a written statement pursuant to Rule 50(c) in opposition to respondent's motion to dismiss.  Counsel for respondent appeared at the hearings and presented argument in support of the pending motion.

---

[3]  Petitioner resided in Norwalk, Conn., at the time the petition was filed.

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Pugsley v. Commissioner, 749 F.2d 691, 692 (11th Cir. 1985); Levitt v. Commissioner, 97 T.C. 437, 441 (1991); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Once the Commissioner mails a valid notice to the taxpayer's last known address, section 6213(a) provides in pertinent part that the taxpayer must file a petition with this Court within 90 days (or 150 days if the deficiency notice is mailed to the taxpayer outside of the United States).

In certain circumstances, section 7502 provides that a timely mailed petition will be treated as though it were timely filed. Where, as here, the postmark in question is made by a private postage meter, the provisions implementing the "timely mailing/timely filing" rule are contained in section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. Those provisions provide in pertinent part:

> (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case

the document is received after the time when a document so mailed and so postmarked by the United States Post Office would <u>ordinarily</u> be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would <u>ordinarily</u> be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. * * * [Emphasis added.]

The validity of this regulation has been upheld. <u>Lindemood v. Commissioner</u>, 566 F.2d 646, 649 (9th Cir. 1977), affg. T.C. Memo. 1975-195; <u>Fishman v. Commissioner</u>, 420 F.2d 491, 492 (2d Cir. 1970), affg. 51 T.C. 869 (1969).

The notices of deficiency in the present case were mailed to petitioner on November 30, 1994. Consequently, the 90-day period for filing a timely petition with this Court expired on Tuesday, February 28, 1995. Although the envelope in which the petition was mailed to the Court bears a private postage meter postmark date of February 27, 1995, the 89th day after the mailing of the notices of deficiency, the envelope was not received by the Court until March 9, 1995, 10 days after it was purportedly mailed. Obviously, the petition was not received by the Court within the normal mailing time between New York, New York, and Washington, D.C., in respect of an item of first class mail. Consequently, under section 301.7502-1(c)(1)(iii)(<u>b</u>), Proced. & Admin. Regs., petitioner must establish that: (1) The envelope bearing the petition was actually deposited in the mail in a timely fashion,

(2) the delay in receiving the envelope was due to a delay in the transmission of the mail, and (3) the cause of such delay.

During the course of the hearing conducted in this case on August 16, 1995, petitioner stated that he distinctly remembers the circumstances surrounding the mailing of the envelope bearing the petition filed in this case. In particular, petitioner related to the Court that on the afternoon of February 27, 1995, he went to the U. S. Post Office located at Grand Central Station in New York City with the intent of mailing his petition. However, after finding a long service line at the post office, petitioner returned to his office where he used a private postage meter to place sufficient first class postage on the envelope. Petitioner states that he then returned to the post office at approximately 5:15 p.m. and dropped the envelope bearing the petition in the slot reserved for metered mail.

It is petitioner's view that the envelope bearing the petition was not delivered to the Court within the ordinary mailing time between New York, New York, and Washington, D.C. because he failed to mark the envelope "First-Class Mail", and, thus, it is likely that the envelope was erroneously processed as a piece of third class mail. Petitioner adopted this view based on a conversation with a Postal Service employee stationed at a post office in Norwalk, Connecticut, his city of residence. Petitioner alleges that the normal mailing time of a piece of third class mail from New York, New York, to Washington, D.C., is 8 to 9 days.

Based on the record presented, we hold that petitioner has failed to satisfy his burden of proof. The proof submitted by petitioner is limited to his testimony at the hearing on August 16, 1995, and the statements contained in his Rule 50(c) statement. Petitioner states that he distinctly remembers placing the envelope bearing the petition in the metered mail slot at the U. S. Post Office located at Grand Central Station in New York City at approximately 5:15 p.m. on February 27, 1995. Unfortunately, without more, we are unable to accept uncritically petitioner's professed recollection of the events surrounding the mailing of the petition. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986) (the Court is not required to accept a taxpayer's self-serving testimony as gospel). Such professed recollection does not, by itself, constitute convincing proof that the envelope bearing the petition was timely deposited in the United States mail on the critical date. Under the circumstances, we hold that petitioner failed to prove that the envelope actually entered the United States mail system on February 27, 1995, as alleged.

Even if petitioner is deemed to have satisfied the timely mailing requirement of the three-prong test of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., there is no evidence in the record demonstrating either that the delay in the delivery of the envelope was due to a delay in the transmission of the mail or the cause of any such delay. See Grassam v. Commissioner, T.C. Memo. 1994-504. We observe that the envelope is not torn,

damaged, or unusually soiled, nor does it have any unusual markings or imprints that might suggest that it was lost or delayed prior to being delivered to the Court.  Moreover, petitioner's belief that the envelope bearing the petition may have been erroneously processed as third class mail is not supported by any evidence in the record.

Consistent with the foregoing, petitioner cannot avail himself of the relief provided in section 7502.  Because his petition was not timely filed under section 6213(a) or section 7502, respondent's motion to dismiss for lack of jurisdiction will be granted.[4]

To give effect to the foregoing,

> An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered.

---

[4]  Although petitioner cannot pursue his case in this Court, he is not without a judicial remedy.  Specifically, he may pay the tax, file a claim for refund with the Internal Revenue Service, and, if his claim is denied, sue for a refund in the appropriate Federal District Court or the United States Court of Federal Claims.  McCormick v. Commissioner, 55 T.C. 138, 142 (1970).