T.C. Memo. 1996-561


UNITED STATES TAX COURT


BENJAMIN V. GOMEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23470-95.            Filed December 30, 1996.


<u>Bradford E. Henschel</u>, for petitioner.

<u>Guy Glaser</u>, for respondent.


MEMORANDUM OPINION


DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Larry L. Nameroff pursuant to section 7443A(b)and Rules

180, 181 and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

NAMEROFF, Special Trial Judge:  This case is before us on respondent's motion to dismiss for lack of jurisdiction.  On August 3, 1995, respondent sent petitioner a notice of deficiency for the taxable year 1992 determining an income tax deficiency of $11,294, and additions to tax under section 6651(a)(1) of $2,823, and under section 6654(a) of $491.  The time within which to file a timely petition from that notice of deficiency expired on November 1, 1995.

On November 13, 1995, the Court filed a petition with respect to 1992.  It is alleged therein that petitioner's mailing address was 201 South Hazel, La Habra, California 90631.  The envelope in which the petition was mailed bore a private postage meter stamp dated October 30, 1995, reflecting postage of 32 cents plus seven 32-cent postage stamps.  The envelope contains a series of markings which have been described as cancellation stamps, indicating that the cancellation was done by a Los Angeles Post Office on November 7, 1995.[2]

---

[1]  All section references are to the Internal Revenue Code in effect for the years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  It is unclear whether these cancellation marks constitute a postmark that would supersede the private postage meter stamp and control the mailing date for purposes of sec. 7502.  However, in view of our disposition of respondent's motion, we need not

On August 24, 1995, respondent sent petitioner a notice of deficiency for the taxable year 1993 determining an income tax deficiency of $10,734, plus additions to tax under section 6651(a)(1) of $2,683.50, and under section 6654(a) of $449.67. The 90-day period for timely filing a petition with respect to the 1993 notice of deficiency expired on Wednesday, November 22, 1995. On December 7, 1995, petitioner filed with the Court an amended petition purporting to place in issue the taxable year 1993. The Court did not retain the envelope in which this amended petition was filed.

In his objection to respondent's motion to dismiss, and again at the hearing in this matter, counsel for petitioner alleged that the "incorrectly styled" amended petition was timely filed on November 21, 1995, based upon a certificate of service dated November 21, 1995, on which was also imprinted a private postage meter stamp for zero postage dated November 21, 1995. In a Supplemental Opposition to respondent's motion to dismiss for lack of jurisdiction, petitioner contended, in part, that the normal rules relating to the timeliness of petitions do not apply because the Government was shut down on November 21, 1995, during the 90-day period within which petitioner was to file his petition, and, therefore, that day was a holiday in Washington, D.C. In his Supplemental Opposition, counsel for petitioner

---

consider this question.

requested that the Court sanction respondent in the amount of $350. In response to petitioner's Supplemental Opposition, counsel for respondent requested sanctions against petitioner's counsel under section 6673(a)(2).

At the hearing held in this matter, no witnesses were presented on behalf of petitioner, although petitioner's counsel alleged he had timely mailed the petition and amended petition as demonstrated by the postage meter marks on the original envelope and on the certificate of service on the amended petition. Respondent presented the testimony of Patricia Ann Morgan, a witness from the U.S. Postal Service who testified that the normal delivery time of mail from Los Angeles to Washington, D.C. was 3 days.

The Court ordered the parties to file Memoranda of Points and Authorities seriatim. Mr. Henschel, counsel for petitioner, requested additional time to file his memorandum. The request was granted, but no memorandum has been received from petitioner or his counsel.

It is well established that this Court has jurisdiction only if there has been a validly issued notice of deficiency and a timely filed petition. Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Keeton v. Commissioner, 74 T.C. 377, 379 (1980); Estate of Moffat v. Commissioner, 46 T.C. 499 (1966). A petition for redetermination of a deficiency ordinarily must be filed with this Court within 90 days after the notice of deficiency is

mailed to a taxpayer.  Sec. 6213(a).  The time provided for filing a petition is jurisdictional and cannot be extended. Failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction.  Estate of Rosenberg v. Commissioner, 73 T.C. 1014, 1016-1017 (1980); Estate of Cerrito v. Commissioner, 73 T.C. 896, 898 (1980); Stone v. Commissioner, 73 T.C. 617, 618 (1980); Cassell v. Commissioner, 72 T.C. 313, 316-317 (1979); Estate of Moffat v. Commissioner, supra at 501.  A petition is filed on the date received.  If, however, a petition is received more than 90 days after the mailing of the notice of deficiency, the petition is deemed to have been filed when mailed if the requirements of section 7502 are satisfied.

Pursuant to section 7502(a), if the envelope or wrapper containing the petition bears a timely postmark made by the U.S. Postal Service, and the other requirements of section 7502 are met, the postmark date will be deemed to be the filing date. However, where the postmark is not made by the U.S. Postal Service, as in the instant case, the timely mailing rule shall apply "only if and to the extent provided by regulations prescribed by the Secretary."  Sec. 7502(b).

Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.,[3] provides that privately metered mail qualifies for the timely mailing rule of section 7502 if the postmark bears a timely date and the document is received no later than the time ordinarily required for the delivery of a document postmarked at the same point of origin by the Postal Service on the last day for its filing. If the document is not delivered within such time, the taxpayer must establish, among other things, that the delay in the delivery was due to delay in the transmission of mail and the cause of the delay.

For 1992, the petition was received on November 13, 1995, 14 days after the alleged mailing on October 30, 1995. For 1993, the amended petition was received on December 7, 1995, 16 days after the alleged mailing on November 21, 1995. Inasmuch as normal delivery time between Los Angeles and Washington, D.C. is 3 days, neither the petition nor the amended petition was received within the ordinary time for delivery. Therefore, the regulations require petitioner to establish: (1) The documents were actually deposited in the mail on or before the last dates prescribed for filing; (2) the delays in delivery were attributable to delays in the transmission of the mail; and (3)

---

[3] The regulations under section 7502(b) have been held to be valid. Lindemood v. Commissioner, 566 F.2d 646, 648-649 (9th Cir. 1977), affg. per curiam T.C. Memo. 1975-195; Fishman v. Commissioner, 51 T.C. 869, 872-873 (1969), affd. per curiam 420 F.2d 491 (2d Cir. 1970).

the cause of such delays.  <u>Lindemood v. Commissioner</u>, 566 F.2d 646 (9th Cir. 1977), affg. per curiam T.C. Memo. 1975-195; <u>Fishman v. Commissioner</u>, 51 T.C. 869, 872-873 (1969), affd. per curiam 420 F.2d 491 (2d Cir. 1970); sec. 301.7502-(c)(1)(iii)(<u>b</u>), Proced. & Admin. Regs.

Petitioner has failed to meet his burden of proof.  Even if we concluded that the petition and the amended petition were timely deposited in the mails, petitioner has not established that the delays in delivery were due to delays in the transmission of the mail or the cause of such delays.  Sec. 301.7502-1(c)(1)(iii)(<u>b</u>), Proced. & Admin. Regs.  The alleged closing of the Government did not affect the transmission of the mail.  Moreover, even if November 21, 1995, were a holiday in Washington, D.C., it would not extend the 90-day period for the 1993 year beyond November 22, 1995.  Thus, petitioner has not established that the petition and the amended petition were timely mailed under sections 6213(a) and 7502.  See also Rule 41(a).  Accordingly, this case must be dismissed for lack of jurisdiction.

Petitioner may still be able to obtain a judicial hearing on the merits of respondent's determinations in Federal District Court or the United States Court of Federal Claims by following the refund procedures.

In view of the circumstances involved in this case, we decline to award petitioner any requested costs or to sanction

petitioner's counsel under section 6673(a)(2) as requested by respondent.

An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered.