T.C. Memo. 2017-44

UNITED STATES TAX COURT

DALE GRIMM, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4649-16L.                              Filed March 16, 2017.

R mailed P a notice of determination sustaining a proposed collection action. P prepared a petition, applied postage using a private postage meter, and mailed the petition to the Court. The Court did not receive the petition within 30 days of the date of the notice of determination. Further, the petition was received by the Court later than a document "would ordinarily be received if it were postmarked at the same point of origin by the U.S. Postal Service on the * * * last day of the period, prescribed for filing the * * * [petition]." R moved to dismiss the case for lack of jurisdiction.

Held: P's petition does not satisfy the requirements of sec. 301.7502-1(c)(1)(iii)(B)(2), Proced. & Admin. Regs., and we must dismiss this case for lack jurisdiction.

[*2]   Dale Grimm, pro se.

Evan K. Like, for respondent.


MEMORANDUM OPINION


WHERRY, Judge:  This case was filed in response to a Notice of

Determination Concerning Collection Action(s) Under Section 6320 and/or 6330

(notice of determination).[1]  Respondent moves that this case be dismissed on the

ground that the petition was not filed within the time prescribed by section

6330(d) or section 7502.  As explained below, we will grant respondent's motion.

Background

A hearing on respondent's motion was held in Columbus, Ohio, on

September 16, 2016.  Before the hearing the parties filed a stipulation of facts.

The stipulation of facts and the attached exhibits are incorporated by this

reference.  At the time the petition was filed, petitioner resided in Ohio.

Petitioner timely filed a Federal income tax return for the taxable year 2012,

reporting total income of $3,438, self-employment tax of $422, and total tax of

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code of 1986, as amended, and in effect at all relevant times.  All
monetary amounts are rounded to the nearest dollar.

[*3] $422.  Petitioner claimed an earned income tax credit of $475 and a tax refund of $53.

Respondent determined that petitioner had not claimed a deduction of $242 for self-employment tax.  Respondent also determined that petitioner had overstated the amount of earned income tax credit that he was entitled to by $232.  Pursuant to section 6213(b)(1), respondent adjusted the amounts of the self-employment tax deduction and the earned income tax credit on petitioner's return accordingly.  As a result of the adjustments, respondent determined that petitioner was not entitled to the claimed refund of $53 but instead had an outstanding income tax liability of $179.  Respondent also determined that petitioner was liable for a failure-to-pay timely addition to tax under section 6651(a)(2).

On September 28, 2015, respondent issued petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing.  On October 9, 2015, petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing.  Petitioner's case was assigned to a settlement officer (SO) at the Internal Revenue Service Office of Appeals (Appeals Office).  On November 19, 2015, the SO mailed petitioner a letter scheduling a telephone collection due process (CDP) hearing for December 22, 2015.

**[\*4]** Petitioner called the SO at the scheduled time and informed her that he was recording the call. Because petitioner had not provided advance notice of his intent to record the call, the SO asked petitioner to stop recording or she would need to terminate the call pursuant to Internal Revenue Service policy. Petitioner declined to stop recording, and the SO ended the call. See sec. 7521(a)(1) (requiring taxpayer to provide notice to IRS before making audio recording). That same day the SO mailed a letter offering a CDP conference by mail and asked petitioner to provide any information he wanted her to consider within 14 days. On December 29, 2015, petitioner mailed a letter in response asking for clarification of the mathematical changes respondent had made to his return and asserting that he had the right to record all phone calls with respondent's employees.

On January 11, 2016, respondent mailed petitioner a notice of determination sustaining the proposed levy. In response petitioner completed a petition for his taxable year 2012 and mailed it to the Court; the envelope containing the petition bears a private postal meter stamp date of February 2, 2016.[2] A letter mailed from petitioner's address in New Carlisle, Ohio, would generally be delivered to

---

[2]The petition itself was apparently completed and signed on January 17, 2016.

**[*5]** Washington, D.C., within about three or four days. The petition was received and filed by the Court on February 26, 2016, which was 46 days after the mailing of the notice of determination.

Petitioner runs a small local newspaper. In the course of his business he sends many items through the mail and uses a private postage meter to apply the appropriate postage. After postage is applied, outgoing mail is ordinarily placed in a tray for the U.S. Postal Service and is usually picked up within one business day. Occasionally, petitioner may have personally delivered outgoing mail to his local post office. No evidence was presented to the Court indicating that there was a delay in the ordinary transmission of the mail from New Carlisle, Ohio, to Washington, D.C., during January or February 2016.

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Sec. 7442; Naftel v. Commissioner, 85 T.C. 527, 529 (1985). When the Appeals Office issues a notice of determination to a taxpayer following an administrative hearing, section 6330(d)(1) provides that the taxpayer has 30 days following the issuance of the notice to file a petition for review with the Tax Court. Weber v. Commissioner, 122 T.C. 258, 261-262 (2004). If the taxpayer fails to file a timely petition, then

**[\*6]** the Court will (and must) dismiss the action for lack of jurisdiction. <u>Id.</u>

Petitioner, as the party invoking the Court's jurisdiction, bears the burden of

demonstrating that it exists. <u>See, e.g.</u>, <u>Dees v. Commissioner</u>, 148 T.C. __ (Feb. 2,

2017).

Because the petition was received by the Court more than 30 days after the

notice of determination was issued, petitioner relies on section 7502 to establish

that his petition was timely. If section 7502 applies, a document that is timely

mailed is treated as timely filed. In order for section 7502 to apply, the document

must be mailed in accordance with certain requirements set forth in the statute and

the regulations. <u>See</u> sec. 7502(a)(2) and (b); sec. 301.7502-1(c), Proced. &

Admin. Regs. For example, the document must be mailed in a properly addressed

envelope with sufficient prepaid postage. <u>See</u> sec. 301.7502-1(c)(1), Proced. &

Admin. Regs. There are additional rules regarding the postmark on the envelope.

<u>Id.</u> subdiv. (iii).

A document with a U.S. Postal Service postmark generally will be

considered filed on the date of the postmark. <u>Id.</u> subdiv. (iii)(A). However, the

postmark on the petition's envelope was made by petitioner's private postage

meter. Section 301.7502-1(c)(1)(iii)(B), Proced. & Admin. Regs., sets forth the

following rules for a postmark made other than by the U.S. Postal Service:

**[*7]**    (1) In general.--If the postmark on the envelope is made other than by the U.S. Postal Service--

(i) The postmark so made must bear a legible date on or before the last date, or the last day of the period, prescribed for filing the document or making the payment; and

(ii) The document or payment must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document or payment contained in an envelope that is properly addressed, mailed, and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the U.S. Postal Service on the last date, or the last day of the period, prescribed for filing the document or making the payment.

(2) Document or payment received late.--If a document or payment described in paragraph (c)(1)(iii)(B)(1) is received after the time when a document or payment so mailed and so postmarked by the U.S. Postal Service would ordinarily be received, the document or payment is treated as having been received at the time when a document or payment so mailed and so postmarked would ordinarily be received if the person who is required to file the document or make the payment establishes--

(i) That it was actually deposited in the U.S. mail before the last collection of mail from the place of deposit that was postmarked (except for the metered mail) by the U.S. Postal Service on or before the last date, or the last day of the period, prescribed for filing the document or making the payment;

(ii) That the delay in receiving the document or payment was due to a delay in the transmission of the U.S. mail; and

(iii) The cause of the delay.

**[\*8]**   The petition was received by the Court on February 26, 2016, which is 24 days after petitioner alleges that it was mailed and at least 10 days after a document "would ordinarily be received if it were postmarked at the same point of origin by the U.S. Postal Service on * * * the last day of the period, prescribed for filing the document".  See sec. 301.7502-1(c)(1)(iii)(B)(1)(ii), Proced. & Admin. Regs.  The parties agree that the ordinary delivery time for a properly addressed envelope sent from New Carlisle, Ohio, to Washington, D.C., is three to four days.  Accordingly, the petition was not received by the Court within the ordinary delivery time for mail sent from New Carlisle, Ohio, to Washington, D.C.  Therefore, under section 301.7502-1(c)(1)(iii)(B), Proced. & Admin. Regs., quoted above, the petition will not be deemed filed on the postmark date, February 2, 2016, unless petitioner establishes:  (1) that the petition was actually deposited in the mail before the last collection of the mail on February 10, 2016, the last day for filing the petition; (2) that the delay in receiving the petition was due to a delay in the transmission of the mail; and (3) the cause of the delay.  See id.; see also Gomez v. Commissioner, T.C. Memo. 1996-561, 72 T.C.M. (CCH) 1602 (1996); Little v. Commissioner, T.C. Memo. 1995-491, 70 T.C.M. (CCH) 991 (1995).

At a hearing on respondent's motion petitioner offered his own testimony as evidence to establish that the petition should be treated as timely filed.  Petitioner

**[*9]** testified that his usual business practice is to place items in the mail immediately after applying postage with his meter. A U.S. Postal Service letter carrier then picks up the items from a designated tray later that day or perhaps the next.

Petitioner sends a lot of mail, mostly invoices, in the course of his business, and he candidly testified that he could not recall the specific circumstances surrounding the mailing of the Tax Court petition. However, he testified that any envelope that was stamped with postage would be placed in the mail more or less immediately; his business needs to promptly collect on invoices to remain competitive. We note that even if the petition remained in petitioner's office for a week after being stamped, he could still have established that it satisfied the first requirement of section 301.7502-1(c)(1)(iii)(B)(2), Proced. & Admin. Regs.

However, other than expressing a general view that the service provided by the U.S. Postal Service has declined over the years, petitioner could not point to any evidence that might establish that a delay in the Court's receipt of the petition was due to a delay in transmission of the mail or the cause of such a delay. Accordingly, the petition does not satisfy the requirements of subdivision (ii) or (iii) of section 301.7502-1(c)(1)(iii)(B)(2), Proced. & Admin. Regs.

**[*10]** The petition arrived at the Court more than 30 days after the notice of determination was issued and later than a timely mailed petition would be expected to arrive. The petition does not bear a U.S. Postal Service postmark, and petitioner is unable to establish that the Court's untimely receipt of the petition was due to a delay in the transmission of the mail and the source of that delay. Accordingly section 7502 does not apply to the petition. See sec. 301.7502-1(c)(1)(iii)(B)(2), Proced. & Admin. Regs. Without a timely filed petition the Court lacks jurisdiction to review respondent's determination. See Weber v. Commissioner, 122 T.C. at 261-262.

       To reflect the foregoing,

                                   An appropriate order will be entered granting respondent's motion to dismiss for lack of jurisdiction.