148 T.C. No. 1

UNITED STATES TAX COURT

TIMOTHY M. DEES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29397-15.                    Filed February 2, 2017.

P claimed a refundable credit under I.R.C. sec. 36B on his 2014 income tax return. R determined that P was not entitled to the refundable credit and issued a notice of deficiency to P. That notice showed a deficiency of zero on the first page. The attached computation pages stated that there was a decrease to refundable credits but erroneously computed a tax deficiency of ".00". P timely filed a petition to challenge R's disallowance of his refundable credit. The Court ordered R to show cause why this case should not be dismissed for lack of jurisdiction, questioning the validity of the notice of deficiency.

<u>Held</u>: When determining whether a notice of deficiency is valid, we review the notice objectively to determine whether it is adequate to inform a reasonable taxpayer that the Commissioner has determined a deficiency. If that test is satisfied the notice of deficiency is valid, and we do not look beyond the notice.

        Held, further, if a notice of deficiency is ambiguous as to whether the Commissioner has determined a deficiency, then the party seeking to establish our jurisdiction bears the burden of proving that the Commissioner has determined a deficiency and that the taxpayer was not misled by the ambiguous notice of deficiency.

        Held, further, R has shown that he determined a deficiency and that P was not misled by the notice of deficiency.

Zachary G. VandeKamp, for petitioner.

Michael Skeen, Linda E. Mosakowski, and Peter Reilly, for respondent.


OPINION


BUCH, Judge:  The Commissioner issued a notice of deficiency to Timothy M. Dees that showed a deficiency of zero but also stated that Mr. Dees was not entitled to a claimed refundable credit.  Although the notice is ambiguous as to whether the Commissioner determined a deficiency, the Commissioner argues that the notice was sufficient because it identified the adjustment and because Mr. Dees made clear in his petition that he was not misled by the ambiguous notice.  Although this notice was ambiguous as to whether the Commissioner had determined a deficiency in tax, the Commissioner showed that he had made a determination and that Mr. Dees was not misled by the ambiguity in the notice.

Accordingly, the notice of deficiency is valid, and we have jurisdiction over this case.

## Background

Mr. Dees filed a Form 1040, U.S. Individual Income Tax Return, for taxable year 2014. On his return he claimed a credit pursuant to section 36B.[1] Section 36B provides a refundable credit for a portion of premiums paid by a taxpayer under a qualified health plan and was enacted as part of the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, sec. 1401(a), 124 Stat. at 213 (2010).

The Commissioner determined that Mr. Dees was not entitled to the premium tax credit and on September 8, 2015, issued a notice of deficiency for the 2014 taxable year to Mr. Dees and withheld his refundable credit.[2] The first text sentence of the notice stated: "We determined that there is a deficiency in your income tax which is listed above." Above that sentence the notice stated: "Deficiency: $.00". The Commissioner included with the notice a tax deficiency

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Section 6211 defines a deficiency and includes the disallowance of a refundable credit under section 36B as a negative amount of tax. Sec. 6211(b)(4). The Commissioner's disallowance of the refundable credit creates a deficiency in tax. See Voigt v. Commissioner, T.C. Memo. 2004-62; Wilson v. Commissioner, T.C. Memo. 2001-139.

computation which decreased refundable credits but erroneously computed a bottom-line deficiency of ".00 ".  Elsewhere, the document states:  "A decrease to refundable credit results in a tax increase."

While residing in California, Mr. Dees timely filed a petition with our Court to challenge the disallowance of the refundable credit.  In his petition, he specifically argued that the Commissioner erred in denying his premium tax credit and asserted that he had documents showing he was entitled to the credit.

The Court ordered the Commissioner to explain whether the deficiency determined against Mr. Dees was for "$.00".  The Commissioner responded that there was a "clerical error in the notices of deficiency issued by the Atlanta campus disallowing section 36B premium tax credit and incorrectly reflecting a deficiency in tax of $0.00 on the first page of the notices."  The Commissioner explained that despite this error the "notice of deficiency disallows the refundable premium tax credit in the amount of $484.00" because "[t]he computations for the disallowed credit are attached to the letter portion of the notice of deficiency in which the deficiency is the amount of the disallowed credit."

The Court then issued an order to show cause why this case should not be dismissed for lack of jurisdiction on the ground that the Commissioner failed to determine a deficiency.  The Commissioner filed a response stating that he had

determined a deficiency and that this was a clerical error that did not invalidate the notice. The Commissioner argued that Mr. Dees was not misled because he filed a petition and challenged the disallowance of his premium tax credit. Finally, the Commissioner explained that, in the interim, he had obtained information from the Health Insurance Marketplace showing that Mr. Dees was, in fact, entitled to the claimed credit. The Commissioner prepared settlement documents to send to Mr. Dees.

We must resolve whether we have jurisdiction before we can proceed.

## Discussion

Our jurisdiction in a deficiency case is predicated on the Commissioner's issuing a valid notice of deficiency and the taxpayer's timely filing a petition with our Court to challenge the notice. Secs. 6212, 6213, 7442; Rules 13, 20; see, e.g., Midland Mortg. Co. v. Commissioner, 73 T.C. 902, 907 (1980). There is no dispute that Mr. Dees timely filed a petition. To determine whether we have jurisdiction over the case, we must decide whether the notice of deficiency is valid.

I.      General Requirements for a Valid Notice of Deficiency

Although section 6212(a) authorizes the Commissioner to send a notice of deficiency, the Code does not specify the form of the notice. Jarvis v.

Commissioner, 78 T.C. 646, 655 (1982). Section 7522(a) provides that the notice must "describe the basis for, and identify the amounts (if any) of, the tax due, interest, additional amounts, additions to the tax, and assessable penalties included in such notice." But even an inadequate description does not invalidate a notice. Id. Generally, all we have required is that the notice "provide a formal notification that a deficiency in taxes has been determined." Pietz v. Commissioner, 59 T.C. 207, 213-214 (1972). We have previously explained that "the notice must (1) fairly advise the taxpayer that the Commissioner has, in fact, determined a deficiency and (2) specify the year and amount." Foster v. Commissioner, 80 T.C. 34, 229-230 (1983), aff'd in part, vacated in part, 756 F.2d 1430 (9th Cir. 1985). Further, when deciding whether a notice of deficiency is valid, we look at the notice and all of the attachments as a whole. See Saint Paul Bottling Co. v. Commissioner, 34 T.C. 1137, 1138 (1960).

## II.     Challenges to the Validity of a Notice

We have often addressed questions regarding the validity of notices of deficiency. We have at times characterized our review of the sufficiency of a notice as an objective test. But our caselaw shows that an objective review is used to establish prima facie validity of a notice of deficiency. When that objective review has led us to conclude that a notice was ambiguous, we have looked

beyond the notice to determine whether the Commissioner made a determination

and whether the taxpayer knew or should have known that the Commissioner

determined a deficiency.

This approach is evident in Miles Prod. Co. v. Commissioner, 96 T.C. 595

(1991), aff'd, 987 F.2d 273 (5th Cir. 1993), a case in which the Commissioner

issued a notice of deficiency determining deficiencies in the taxpayer's windfall

profits tax on a calendar year basis, even though the taxpayer filed its returns on a

fiscal year basis.  As to the should-have-known part of the analysis, the Court

explained:

> We do not hold that we would necessarily find jurisdiction if the
> statutory notice were not so detailed and traceable to the forms filed
> by the taxpayer or if the forms filed by the taxpayer were for improper
> taxable periods.  But here, the taxpayer encounters no difficulty in
> ascertaining the specific NIL computation that is being adjusted in the
> statutory notice of deficiency.

Id. at 604.  The Court went further and also determined that the notice was

sufficient because the taxpayer was not misled.  Id.  Referring to another similar

case, the Court explained:

> In holding that we had jurisdiction in Burford v. Commissioner * * *
> [, 76 T.C. 96, 100 (1981), aff'd without published opinion, 786 F.2d
> 1151 (4th Cir. 1986),] we pointed out that the taxpayer was not
> misled by the statutory notice.  We make the same observation in the

instant case. Under the rationale of the case law which we discussed above we hold that we have jurisdiction in this case.

Id.

Indeed, in Burford v. Commissioner, 76 T.C. 96, 100 (1981), aff'd, 786 F.2d 1151 (4th Cir. 1986), the Court determined that the notice was valid, in part, because "[p]etitioner has not been misled as to the period covered by the notice of deficiency. In fact, petitioner specifically addressed the adjustments for each of the transactions in his petition." See also McCarthy Co. v. Commissioner, 80 F.2d 618, 622 (9th Cir. 1935) ("The Board further found that it was 'quite evident that the taxpayer was in no way misled by the notice and clearly understood it to be one in respect to its tax liability for the years in question.'"); Scruggs v. Commissioner, 29 B.T.A. 1102, 1104 (1934) ("[P]etitioner took a timely appeal from what she knew to be a notice in deficiency in tax asserted to be due from the estate of which she was the administratrix. Petitioner was not misled by the error made by the respondent in the deficiency notice in describing Horne [erroneously] as administrator."). In the holdings of these cases we see a two-prong approach to the question of the validity of the notice of deficiency.

First, we look to see whether the notice objectively put a reasonable taxpayer on notice that the Commissioner determined a deficiency in tax for a

particular year and amount. If the notice, viewed objectively, sets forth this information, then it is a valid notice. Indeed, it is well established that "the notice is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough." Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937), aff'g a Memorandum Opinion of the Board of Tax Appeals. Accordingly, if the notice is sufficient to inform a reasonable taxpayer that the Commissioner has determined a deficiency, our inquiry ends there; the notice is valid.

But what if, as here, the notice is ambiguous? Then our caselaw requires the party seeking to establish jurisdiction to establish that the Commissioner made a determination and that the taxpayer was not misled by the ambiguous notice.

Where the notice is ambiguous, it must be established that the Commissioner made a determination. In Campbell v. Commissioner, 90 T.C. 110, 110-111 (1988), the Commissioner sent the Campbells a nine-page notice of deficiency with a first page and a waiver page addressed to them showing a deficiency in their income tax for 1982; however, the computation pages attached to the notice were addressed to a different taxpayer and stated amounts that had no correlation to the amount of the deficiency shown on the first page of the Campbells' notice. The Campbells argued that the notice of deficiency was

invalid.  Id. at 111.  The Commissioner provided the Court with a copy of a notice

of deficiency that matched the first two pages of the notice that the Campbells had

received, but the Commissioner also included computation pages that were

addressed to the Campbells.  Id.  These computations matched the deficiency

information on the first two pages of the notice and also matched the numbers the

Campbells had reported on their return.  Id.  We explained that "[w]here the notice

of deficiency does not reveal on its face that the Commissioner failed to make a

determination, a presumption arises that there was a deficiency determination."

Id. at 113 (relying on Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), rev'g

81 T.C. 855 (1983)).  In that case, the Court concluded that the notice of

deficiency did not reveal on its face that the Commissioner failed to make a

determination, and so he was not required to prove that he did.  We went on to

explain that, if the notice of deficiency reveals on its face that the Commissioner

failed to make a determination, Ninth Circuit precedent would require the

Commissioner to prove that he actually made a determination for him to establish

that the notice is valid.  Id. at 114; see also Clapp v. Commissioner, 875 F.2d

1396, 1402 (9th Cir. 1989).

In addition to showing that the Commissioner made a determination, we

also have inquired as to whether a taxpayer was prejudiced by an ambiguous

notice. In Erickson v. Commissioner, T.C. Memo. 1991-97, 1991 Tax Ct. Memo LEXIS 116, the first page of the notice of deficiency stated that it was for the 1984 tax year, but some of the attachments to the notice stated that it related to 1982. We upheld the validity of the notice of deficiency for 1982, explaining: "[T]he standard applicable to this case is whether petitioner knew or reasonably should have known that the disputed notice of deficiency was directed to him, that a deficiency determination had been made by respondent against him, and that the deficiency was in a certain amount and for the year 1982." Id., 1991 Tax Ct. Memo LEXIS 116, at *12. We looked to both subjective (knew) and objective (should have known) considerations to determine whether the notice was adequate to inform the taxpayer that the Commissioner had determined a deficiency. In concluding that Mr. Erickson was not reasonably misled and that the Commissioner had determined a deficiency for 1982, we observed that the adjustments in the notice of deficiency corresponded directly to items reported on Mr. Erickson's 1982 return. There, we applied the objective approach because the notice of deficiency "would have placed a reasonable person on notice". Id. at *15.

We applied a subjective approach in Saint Paul Bottling Co. v. Commissioner, 34 T.C. at 1137-1138. In that case, the notice of deficiency

incorrectly stated that it was for taxable years 1952, 1953, and 1954. The attachments to the notice listed the correct taxable years, 1956, 1957, and 1958. Id. at 1138. The taxpayer filed a petition to challenge the deficiency, and the Commissioner moved to dismiss the case for lack of jurisdiction because he argued that the notice was invalid. Id. We held that the notice was valid and explained that the taxpayer "insist[ed] that it was not misled by the inconsistency between the first page and the statement which together made up the deficiency notice." Id. There, the taxpayer, in seeking to establish jurisdiction, established that it was not misled.

Likewise in Wilkens & Lange v. Commissioner, 9 B.T.A. 1127, 1128 (1928), the notice of deficiency incorrectly stated it was for 1919 instead of the correct taxable year, 1920. The notice referred to previous letters sent to the taxpayer regarding changes for its 1920 taxable year. Id. And the details of the computation of the deficiency were for 1920. Id. In its petition, the taxpayer stated that the notice "states a deficiency for 1919 (although 1920 is meant)." Id. at 1127. Because the taxpayer was not misled by the error in the notice, as evidenced by the petition, we held that the notice was valid and that we had jurisdiction over 1920. Id. at 1130-1131.

Even our last known address cases are somewhat analogous. Section 6212(b)(1) requires the Commissioner to send a notice of deficiency to the taxpayer's last known address; if mailed to the last known address, it is sufficient even if the taxpayer did not receive actual notice. See, e.g., Zenco Eng'g Corp. v. Commissioner, 75 T.C. 318, 321-322 (1980), aff'd without published opinion, 673 F.2d 1332 (7th Cir. 1981). Conversely, "[i]f the notice is not so mailed, it is not, as a general rule, a valid notice of deficiency." Clodfelter v. Commissioner, 57 T.C. 102, 105 (1971), aff'd, 527 F.2d 754 (9th Cir. 1975). However, if the Commissioner mails a notice to an incorrect address but the taxpayer receives actual notice in sufficient time to file a petition, we have held that the notice is valid even though improperly addressed. See, e.g., Mulvania v. Commissioner, 81 T.C. 65 (1983). In other words, we look to whether the taxpayer was prejudiced by the error in the notice.

III.    The Notice in This Case

The notice of deficiency that the Commissioner sent to Mr. Dees was ambiguous. The notice stated that the deficiency was "$.00" and the computation page stated that the "Tax Deficiency / Increase in Tax" was ".00". But the notice also stated that the Commissioner was disallowing a refundable credit and

identified the amount of that disallowance.[3] The notice went further and informed Mr. Dees: "A decrease to refundable credit results in a tax increase."

The notice on its face is ambiguous, but the Commissioner has established that he made a determination and that Mr. Dees was not misled by the notice. Mr. Dees timely filed a petition to challenge the notice, and that petition makes clear that Mr. Dees understood that the Commissioner had disallowed his refundable credit: He stated in his petition both that the Commissioner had erred in denying his premium tax credit and that he had documents to substantiate his entitlement to the credit. This establishes that Mr. Dees was not misled by the notice.

Conclusion

Despite the errors in the notice of deficiency, it stated that the Commissioner was disallowing Mr. Dees' refundable credit and withholding his refund. The notice was ambiguous, but the Commissioner has established that he determined a deficiency. The records also makes clear that Mr. Dees was not

---

[3]In his dissent Judge Foley characterizes the notice of deficiency as a "$0 deficiency notice" that "informs the taxpayer that the Commissioner has not determined a deficiency". See Foley op. p. 43. But it is not a "$0 deficiency notice". It is well settled that we look to the notice and all of the attachments to determine whether the notice of deficiency is valid. See Saint Paul Bottling Co. v. Commissioner, 34 T.C. 1137, 1138 (1960). The attachment to the notice of deficiency informs Mr. Dees that he has a "Decrease to Refundable Credits" of $484, which results in tax increase. We do not reach the question of whether a $0 deficiency notice would be valid; that is not this case.

misled by the ambiguous notice of deficiency, as evidenced by the content of his timely filed petition.  Accordingly, we have jurisdiction.

<u>An appropriate order will be issued</u>.

Reviewed by the Court.

THORNTON, HOLMES, KERRIGAN, LAUBER, NEGA, and PUGH, <u>JJ</u>., agree with this opinion of the Court.

MARVEL, CJ., concurring:  The opinion of the Court appropriately points out that, under our caselaw, a valid notice of deficiency must "provide a formal notification that a deficiency in taxes has been determined." Pietz v. Commissioner, 59 T.C. 207, 213-214 (1972); see op. Ct. p. 6.  The opinion of the Court also reminds us that the notice of deficiency must fairly advise the taxpayer that the Commissioner has determined a deficiency and must specify the year and amount.  Foster v. Commissioner, 80 T.C. 34, 229-230 (1983), aff'd in part, vacated in part, 756 F.2d 1430 (9th Cir. 1985); see op. Ct. p. 6; see also Kellogg v. Commissioner, 88 T.C. 167, 171-172 (1987).  In the opinion of the Court the notice of deficiency at issue appears at first blush to do none of these things.  It repeatedly asserts that petitioner owes no deficiency for 2012, lending credence to the dissenting opinions of Judge Foley and Judge Gustafson.  The only thing that saves the notice of deficiency according to the opinion of the Court is that it informs petitioner that the refundable credit claimed was decreased and that such a decrease results in a tax increase, thereby creating an ambiguous notice.  See op. Ct. pp. 13-14.

This Court has previously dealt with an ambiguous notice and the jurisdictional issue that such a notice presents.  In Campbell v. Commissioner, 90 T.C. 110, 113 (1988), we relied on two footnotes in the Court of Appeals for the

Ninth Circuit's opinion in Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), rev'g 81 T.C. 855 (1983), to hold that a notice of deficiency issued to one taxpayer, which attached computation pages with respect to a different taxpayer that did not tie to the deficiencies identified in the notice of deficiency cover letter, was valid. We concluded that "[w]here the notice of deficiency does not reveal on its face that the Commissioner failed to make a determination, a presumption arises that there was a deficiency DETERMINATION." Campbell v. Commissioner, 90 T.C. at 113 (citing Scar v. Commissioner, 814 F.2d at 1367 n.6, 1369 n.9). On the basis of a document that the Commissioner had attached to his answer, which the Commissioner asserted was the document that should have been included as part of the notice of deficiency, we concluded that "[t]he presumption that there was a determination is made conclusive" and upheld the validity of the notice of determination because it reflected a deficiency determination with respect to the taxpayer. Id.

Since we released our Opinion in Campbell, we have relied on it at various times to support the use of evidence outside the four corners of the notice of deficiency, such as tax returns, to confirm that an allegedly ambiguous notice of deficiency reflected a determination with respect to the taxpayer's return. See, e.g., Hanashiro v. Commissioner, T.C. Memo. 1999-78, 77 T.C.M. (CCH) 1539,

1542 (1999) (holding that despite conflicting documents attached to a notice of deficiency, the notice reflected determinations with respect to the taxpayer's tax liability and was valid); Stinnett v. Commissioner, T.C. Memo. 1993-429, 66 T.C.M. (CCH) 750, 753 (1993) (holding that amounts disallowed in an allegedly invalid notice were identical to amounts claimed on taxpayer's tax returns and the notice was valid). The opinion of the Court also relies on Campbell v. Commissioner, 90 T.C. 110, to conclude that the notice is ambiguous, but it stretches Campbell beyond recognition by constructing a two-step analysis for deciding whether we have jurisdiction in cases where the notice of deficiency is ambiguous or is otherwise unclear that I do not believe is supported by our caselaw.

The opinion of the Court first applies what it calls an "objective test" to "establish prima facie validity of a notice of deficiency." See op. Ct. p. 6. If the objective test reveals that the notice is ambiguous, then the opinion of the Court applies a subjective test to determine "whether the Commissioner made a determination and whether the taxpayer knew or should have known that the Commissioner determined a deficiency." See op. Ct. pp. 6-7 (emphasis added). While I agree that our caselaw supports the proposition that information outside the notice of deficiency, such as a taxpayer's return, may be examined to resolve a

jurisdictional ambiguity in a notice of deficiency, I disagree that our caselaw supports a test that looks, in part, to whether the taxpayer knew or should have known that the Commissioner determined a deficiency or was misled. The references to a taxpayer's knowledge or intent and/or to whether a taxpayer was misled in the cases on which the opinion of the Court relies are dicta reinforcing the Court's conclusion in each case that the Commissioner made a determination in the notice of deficiency that passes jurisdictional muster. We should not elevate those references into a test that has no place in resolving the real jurisdictional issue--whether the Commissioner in the notice of deficiency made a determination with respect to the taxpayer that confers jurisdiction on this Court. The opinion of the Court has concluded, on the basis of the record as a whole, that, although the notice of deficiency was ambiguous, respondent determined an income tax deficiency with respect to petitioner and the notice is valid. No other analysis is needed or should be required.

PARIS, J., agrees with this concurring opinion.

ASHFORD, J., concurring in the result only:  I agree that we have jurisdiction over this case and therefore concur in the result reached by the opinion of the Court.  I respectfully write separately to express my concerns and disagreement with the analysis in the opinion of the Court.  The opinion of the Court delineates a two-prong approach (with both objective and subjective elements) to determining our deficiency jurisdiction that is, at best, unnecessary, and is, at worst, improper.  This Court, like all Federal courts, is a court of limited jurisdiction; our jurisdiction and its extent are explicitly provided by statute.  Sec. 7442.[1]  Hence, any analysis of our jurisdiction should begin with and rely primarily on the text of the statutes establishing it.  In the deficiency context, these are sections 6212, 6213, and 6214.  However, the opinion of the Court mentions sections 6212 and 6213 only in passing and is devoid of any reference to section 6214.  To be sure, we routinely gloss over these statutes in our opinions and instead cite a handful of well-trodden cases for jurisdictional principles, so this omission is not particularly surprising.  For this case, though, in which the Court is making a broad, general statement regarding our deficiency jurisdiction, distinctly

---

[1]Sec. 7442 provides:  "The Tax Court and its divisions shall have such jurisdiction as is conferred on them by this title, by chapters 1, 2, 3, and 4 of the Internal Revenue Code of 1939, by title II and title III of the Revenue Act of 1926 (44 Stat. 10-87), or by laws enacted subsequent to February 26, 1926."

and explicitly for the benefit of litigants in future cases, a closer reading of these statutes should be central to our opinion.

I believe that a straightforward interpretation of these statutes demonstrates that the analysis in the opinion of the Court lacks any basis in the statutory text and that many of our statements in past cases on which the opinion of the Court relies were unnecessary and inartful. Instead, guided by the wording of these statutes, I believe they base our deficiency jurisdiction primarily on the Commissioner's substantive determination of a deficiency in a taxpayer's Federal tax and require the issuance of a notice of deficiency thereafter to the taxpayer only as a procedural matter; we have no need or authority to consider a taxpayer's understanding of the notice. Consequently, I would hold that we have jurisdiction in the instant case because respondent made such a substantive determination in petitioner's Federal income tax and then properly issued him a notice of deficiency.

I.    The Statutory Text

A.    The Deficiency Procedures

Section 6214(a) establishes our deficiency jurisdiction. It provides:

> Except as provided by section 7463, the Tax Court shall have
> jurisdiction to redetermine the correct amount of the deficiency even
> if the amount so redetermined is greater than the amount of the

deficiency, <u>notice of which has been mailed to the taxpayer</u>, and to determine whether any additional amount, or any addition to the tax should be assessed, if claim therefor is asserted by the Secretary at or before the hearing or a rehearing. [Emphasis added.]

From this provision we derive two well-known jurisdictional principles. The first is that, once the Commissioner determines a deficiency for a taxpayer's taxable year and mails a notice of deficiency to the taxpayer, sec. 6212(a), and once the taxpayer invokes our jurisdiction by filing a timely petition, sec. 6213(a), our jurisdiction potentially extends to the taxpayer's full tax situation for that year, not just to the assertions in the notice of deficiency, <u>Naftel v. Commissioner</u>, 85 T.C. 527, 533 (1985). In particular, we have jurisdiction to find that a taxpayer's deficiency exceeds the deficiency reflected in the notice, where such an increase is properly at issue. <u>Davison v. Commissioner</u>, 60 F.2d 50, 51-52 (2d Cir. 1932), <u>rev'g</u> 21 B.T.A. 251 (1930); <u>Cement Gun Co. v. Commissioner</u>, 36 F.2d 107, 108 (D.C. Cir. 1929), <u>aff'g</u> 7 B.T.A. 1202 (1927).[2] Further, section 6512(b)(1) grants

_____

[2]As established in these and other cases, we generally hold that we lack jurisdiction to determine an increased deficiency unless the Commissioner asserts such an increase before trial, i.e., as an affirmative allegation in his answer or a later amendment thereto. <u>See, e.g.</u>, <u>Koufman v. Commissioner</u>, 69 T.C. 473, 475-476 (1977) (and cases cited thereat). While we have consistently based this holding on the wording of sec. 6214(a), it seems to me an expression more of sound judicial administration--a declaration that we will not address issues on which the parties before us have not had a full and fair opportunity to present their arguments--than a principle of statutory jurisdiction. <u>See Moise v. Commissioner</u>,

(continued...)

us jurisdiction to find that a taxpayer not only has no deficiency but in fact has an overpayment for the year at issue, see United States ex rel. Girard Tr. Co. v. Helvering, 301 U.S. 540, 542 (1937); Greene-Thapedi v. Commissioner, 126 T.C. 1, 9-10 (2006), and section 6214(b) grants us jurisdiction to consider matters from other taxable years if they are relevant, see Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 420 (1943); Lone Manor Farms, Inc. v. Commissioner, 61 T.C. 436, 441 (1974), aff'd, 510 F.2d 970 (3d Cir. 1975). In other words, Congress has granted us broad jurisdiction to go beyond the notice of deficiency in ascertaining a taxpayer's correct liability for a taxable year, rather than limiting our inquiry to a mere administrative review of the Commissioner's assertions in the notice. This is why we undertake such inquiries de novo and decline to consider the Commissioner's motives or justifications for reaching the

---

[2](...continued)
13 B.T.A. 525, 532 (1928) (Van Fossan, J., dissenting) ("There are sound considerations of justice and fairness back of such a provision. Petitioner, upon receipt of a notice of a specific deficiency, prepares his petition in reliance on the representations as to the Government's contentions set forth in the notice."), rev'd, 52 F.2d 1071 (9th Cir. 1931); see also Cascade Milling & Elevator Co. v. Commissioner, 25 B.T.A. 946, 947-948 (1932) (adopting the Court of Appeals' reasoning on reversing Moise); Hotel De France v. Commissioner, 1 B.T.A. 28 (1924) (finding an increased deficiency under the original version of the statute, which did not require the Commissioner to plead an increased deficiency). Accordingly, we also allow parties to try matters not presented in their pleadings, such as an increase in the deficiency, by consent without regard to whether they subsequently amend their pleadings. Rule 41(b)(1).

determination represented by the notice.  See Commissioner v. Oesterlein Mach. Co., 17 F.2d 663, 665 (D.C. Cir. 1927), aff'd, 275 U.S. 220 (1927); Barry v. Commissioner, 1 B.T.A. 156, 157 (1924); see also Phillips v. Commissioner, 283 U.S. 589, 598 (1931); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974).

The second principle stemming from section 6214(a) is that we do not have jurisdiction over a taxpayer to whom the Commissioner has not issued a notice of deficiency.  See Rule 13; Abrams v. Commissioner, 84 T.C. 1308, 1310-1312 (1985), aff'd, 814 F.2d 1356 (9th Cir. 1987); Lerer v. Commissioner, 52 T.C. 358, 361-365 (1969); Estate of Schmalstig v. Commissioner, 43 B.T.A. 433, 437-438 (1941); Moyer v. Commissioner, 1 B.T.A. 75 (1924).

Hence, while our jurisdiction depends on the issuance of a notice of deficiency, it does not depend on the notice's content.  Indeed, not only does the notice's content not affect our jurisdiction, it is not even particularly relevant to our adjudication of a case (although, as noted below, we have established rules conditioning the burden of proof therein on the notice's content).  Accordingly, section 6214 does not prescribe any specific requirements for the form or content of such a notice.  Thus, when we refer to a "valid notice of deficiency" or a "notice of deficiency sufficient to confer jurisdiction on this Court", we are stating a self-

fulfilling prophecy--if a document sent to a taxpayer constitutes a notice of deficiency under the Internal Revenue Code, then we have jurisdiction; there are no further requirements.[3]

Section 6212(a) addresses the question of what constitutes a notice of deficiency:

> If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44, he is

---

[3]More accurately, there are no further requirements regarding the content of the notice; there are other procedural requirements that the Commissioner must respect when issuing such a notice. Indeed, the opinion of the Court cites Midland Mortg. Co. v. Commissioner, 73 T.C. 902, 907 (1980), for the proposition that "Tax Court jurisdiction exists only if there has been issued a valid statutory notice of deficiency". In that case, the notice at issue was the second notice of deficiency that the Commissioner had issued to the taxpayer for certain taxable years, even though the taxpayer had filed a petition in response to the first notice of deficiency issued for those years and the first case was still ongoing. We correctly ruled the second notice invalid under sec. 6212(c), which bars the Commissioner from issuing further notices while a Tax Court case is pending; our decision did not depend in any way on the content of either notice.

The opinion of the Court also references sec. 6212(b)(1), under which a notice of deficiency mailed to a taxpayer's "last known address" is deemed sufficient to fulfill the requirements of sec. 6212(a) and thus to invoke our jurisdiction under sec. 6214(a). Contrary to the characterization in the opinion of the Court, this is a safe harbor rather than a requirement since we may determine that a notice not so mailed but still received by the taxpayer constitutes actual notice sufficient to invoke our jurisdiction and have done so in numerous cases, such as Mulvania v. Commissioner, 81 T.C. 65 (1983), on which the opinion of the Court relies. In other words, this provision constitutes part of the procedural hurdle the Commissioner must jump before assessing the tax; it is not a substantive prerequisite for our jurisdiction over a case.

authorized to send <u>notice of such deficiency</u> to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office. [Emphasis added.]

This statute is particularly meaningful in context. It is codified in subtitle F of the Code, "Procedure and Administration", in the chapter establishing the Commissioner's authority to assess taxes due (specifically, chapter 63, "Assessment"), as a restriction on that authority in the case of certain types of taxes (subchapter B, "Deficiency Procedures in the Case of Income, Estate, Gift, and Certain Excise Taxes"). Hence, the provision is part of the broader procedures that Congress designed, starting with section 6201, for the Commissioner to follow in determining, assessing, and collecting the appropriate amount of tax that a taxpayer owes under the preceding five subtitles (the substantive provisions of the Internal Revenue Code). The issuance of a notice of deficiency is a specific step that the Commissioner must take at a specific point in the process, and without doing so the Commissioner cannot move to the next step of assessing tax he believes to be due from that taxpayer. Sec. 6213(a);[4] <u>see</u>

_____

[4]Sec. 6213(a) provides in part: "Except as otherwise provided in section 6851, 6852, or 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted <u>until such notice has been</u>

(continued...)

Bregin v. Commissioner, 74 T.C. 1097, 1101-1102 (1980).  But notably, just like section 6214, section 6212(a) does not require any specific form or content for that notice.[5]

In other words, this provision is intended to protect taxpayers, ensuring that no taxpayer is assessed a tax before he or she is aware of it, but as with so many other such protections that Congress envisioned, it is designed as a procedural hurdle.  The opinion of the Court focuses solely on this provision's role as a

_____

[4](...continued)
mailed to the taxpayer".  (Emphasis added.)

[5]That is, except for its final sentence, added in the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. No. 105-206, sec. 1102(b), 112 Stat. at 703, which requires the Commissioner to include information about the National Taxpayer Advocate, but we have held that failure to abide by this requirement does not preclude our jurisdiction.  John C. Hom & Assocs., Inc. v. Commissioner, 140 T.C. 210 (2013).  Another uncodified provision of RRA 1998 requires the Commissioner to include the last possible date by which a taxpayer can petition for review in this Court.  See RRA 1998, sec. 3463(a), 112 Stat. at 767.  We have held that failure to abide by this requirement also does not preclude our jurisdiction.  Rochelle v. Commissioner, 116 T.C. 356 (2001), aff'd, 293 F.3d 740 (5th Cir. 2002); Smith v. Commissioner, 114 T.C. 489 (2000), aff'd, 275 F.3d 912 (10th Cir. 2001).  Admittedly, these cases, decided on the basis of whether the required information was necessary to actually notify the taxpayer of a deficiency determination and whether the omission prejudiced the taxpayer, support the analysis in the opinion of the Court, and it is surprising that the opinion of the Court chooses not to rely on them.  However, I believe these cases support my analysis as well.  Because we have held that a failure to follow explicit statutory requirements for the content of a notice of deficiency does not preclude our jurisdiction, then surely a failure to follow a content requirement we have putatively created by caselaw similarly does not either.

taxpayer protection--if the goal is to notify taxpayers, it suggests, then our standard should be whether the taxpayers understand the notice. Further, because the opinion of the Court bases its reasoning entirely on caselaw rather than the statutes, it reflects a highly Tax-Court-centric view of the deficiency procedures. We are accustomed to thinking of notices of deficiency as a taxpayer's "ticket to the Tax Court" and our starting point for a case, and as such expect these notices to include some basic information regarding the nature of the deficiencies they reflect from which we can start our inquiry. But while this is an important purpose that we can and do consider when assigning the burden of proof or limiting the Commissioner's potential arguments at trial, it is not a statutory prerequisite for us to merely assert jurisdiction over a case.

Instead, the procedural hurdle that the statute explicitly prescribes for our jurisdiction to attach is much more minimal. The notice it requires is only that the Commissioner has determined a deficiency and, rather than leading exclusively to Tax Court review, Congress has, over time, structured the statute to ensure that taxpayers are given various options for responding to this information, whether or not they understand it.[6] A taxpayer can contact the Commissioner for more

---

[6]Judge Hand seems to have understood this as the notice's main function, writing that "the notice [of deficiency] is only to advise the person who is to pay

(continued...)

information (i.e., via the National Taxpayer Advocate); file a petition for redetermination in the Tax Court (hence the requirement that the notice include the date by which he or she must do so); immediately pay some or all of the deficiency reflected in the notice (if it clearly states an amount); or do nothing, after which the Commissioner may assess the deficiency and send the taxpayer a bill for a specific amount.[7]  Section 6212 does not explicitly privilege any one option over another, though the Commissioner is of course free to include additional information in the notice, such as the year, amount, and reasoning for his determination, to help a taxpayer reach his or her decision.  The statute merely establishes a point in the process at which the Commissioner has acted and the impetus shifts back to the taxpayer to make the next move.

---

[6](...continued)
the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough."  Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937), aff'g a Memorandum Opinion of the Board of Tax Appeals.  Judge Hand did not write:  "The Commissioner means to assess a certain amount for a certain taxable year."

[7]In contrast to the statutes establishing the deficiency procedures, the provision authorizing the Commissioner to issue notice and demand for payment of an assessed tax explicitly requires that it include the amount of the tax.  See sec. 6303(a) ("Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof."  (Emphasis added.)).

This interpretation follows from Congress' use of the phrase "notice of such deficiency" in section 6212(a) (emphasis added) (and the very similar wording of section 6214(a): "the deficiency, notice of which has been mailed to the taxpayer" (emphasis added)), which I read to be satisfied by notice only of the mere existence of a deficiency determination by the Commissioner, on the simple ground that it does not explicitly require any other specific information.[8] This is in contrast to our dicta in cases such as Foster v. Commissioner, 80 T.C. 34 (1983), aff'd in part, vacated in part, 756 F.2d 1430 (9th Cir. 1985). Our Opinion in Foster (which the opinion of the Court quotes) stated that a notice of deficiency must "(1) fairly advise the taxpayer that the Commissioner has, in fact, determined a deficiency and (2) specify the year and amount" of the deficiency. Id. at 229-230. But we did not actually need this proposition to reach the relevant holding in Foster (or, as Judge Foley notes in his dissent, see Foley op. p. 43, in any of the other cases on which the opinion of the Court relies), and there is nothing in either section 6212 or section 6214 that specifically requires a notice of deficiency to

---

[8]In this way, a notice of deficiency is perhaps analogous to a notice from a bank that an account is overdrawn or from a lender that a person is in default on a mortgage or loan. Although it is helpful to know the amount of the overdraft or the specific payments missed, the mere fact of the overdraft or default is really the most useful piece of information for the recipient, and from that he or she can readily proceed to obtain more information, by either reviewing his or her records or requesting an explanation from the bank or lender.

include the amount or correct taxable year of a deficiency.[9]  As a result of this statutory reading, I believe Foster and similar cases, such as those on which the opinion of the Court relies, were correctly decided but inartfully worded--our jurisdiction in each of those cases attached because the Commissioner issued a notice reflecting that he had reached a determination, without regard to whether the notice adequately explained that determination or whether the taxpayers fully understood the notice.

Additionally, if section 6212 inherently required notices of deficiency to include the amount and year of a deficiency, presumably Congress would have felt no need to include such notices in section 7522, which it added to the Code in 1988.  See Technical and Miscellaneous Revenue Act of 1988, Pub. L. No. 100-647, sec. 6233(a), 102 Stat. at 3735.  It provides:

---

[9]Notably, both the opinion of the Court here and the Court in Foster v. Commissioner, 80 T.C. 34, 230 (1983), aff'd in part, vacated in part, 756 F.2d 1430 (9th Cir. 1985), cite Jarvis v. Commissioner, 78 T.C. 646, 655 (1982), for the proposition that "[t]he Internal Revenue Code * * * in neither section 6212(a) nor elsewhere prescribes the form of a notice or the specifics to be contained therein." (Emphasis added.)  Yet mere sentences later, both the opinion of the Court and the Court in Foster declare that the year and amount of a deficiency (surely these are "specifics") are nonetheless also required for the notice to be valid.  Further, while Judge Foley notes that in none of the cases on which the opinion of the Court relies did the Court hold that a notice not including the amount of a deficiency was valid, see Foley op. p. 43, neither he nor Judge Gustafson cites in his dissent any case in which we have held such a notice to be invalid either, objectively or otherwise, and I have been unable to find such a case myself.

SEC. 7522(a). General Rule.--Any notice to which this section applies shall describe the basis for, and identify the amounts (if any) of, the tax due, interest, additional amounts, additions to the tax, and assessable penalties included in such notice. An inadequate description under the preceding sentence shall not invalidate such notice.

(b) Notices to Which Section Applies.--This section shall apply to--

(1) any tax due notice or deficiency notice described in section 6155, 6212, or 6303, * * *

See also Shea v. Commissioner, 112 T.C. 183, 196 n.20 (1999) ("We view this provision as referring only to the 'validity' of the notice of deficiency for jurisdictional purposes."). As the opinion of the Court suggests, even though respondent failed to state the correct amount of the deficiency in the notice sent to petitioner, under section 7522(a) this does not invalidate the notice for jurisdictional purposes. See op. Ct. p. 6.

The notion of a notice of deficiency's lacking even such fundamental information is undoubtedly unsettling. But it is impossible to escape, especially when we purport to delineate the outer bounds of our jurisdiction, that the statutes do not explicitly require such information. By my reading of these statutes, any document sent to a taxpayer that indicates that the Commissioner has reached a deficiency determination is enough to satisfy the procedural hurdle of section

6212. The notice at issue here, which states on its first page that respondent "determined that there is a deficiency in * * * [petitioner's] income tax", is sufficient for us to assert jurisdiction over this case under section 6214.[10] Cf. Scar v. Commissioner, 81 T.C. 855, 869 (1983) (Sterrett, J., dissenting) (providing an example of a clearly insufficient notice of deficiency without such a declaration), rev'd, 814 F.2d 1363 (9th Cir. 1987) (specifically citing and quoting Judge Sterrett's dissent, at 1370 note 12).

_____

[10]Both dissents rest on the fact that the notice of deficiency reflects a deficiency amount of "$.00", and thus did not indicate that respondent determined a deficiency. In particular, Judge Gustafson argues persuasively that a basic characteristic of a deficiency, as defined under sec. 6211, is its amount, and that this amount cannot be zero. See Gustafson op. pp. 50-51. But I disagree with Judge Gustafson's assertion that a correct recitation of this amount (or even an incorrect recitation of some other amount, as long as it is not zero) is necessary for a notice of deficiency to indicate the mere existence of a deficiency determination. Instead, "the sufficiency of the notice must be determined from the language used." Estate of Schmalstig v. Commissioner, 43 B.T.A. 433, 438 (1941). In full, the very first text sentence of the notice's first page states: "We determined that there is a deficiency in your income tax which is listed above." In my opinion, this sentence alone, given its prominence, is enough to meet the requirements of sec. 6212, even if whatever is "listed above" reflects a mistake, a series of mistakes, or a typographical error. Had the notice been more circumspect, stating that respondent had determined a deficiency only after several pages or in fine print, or included a clearly contradictory statement, such as "we determined that your return is correct as filed", my conclusion might be different.

B.     The Determination Test

To elaborate, the notice of deficiency is a predicate for our jurisdiction, but our jurisdiction does not derive from or attach to the notice of deficiency; our jurisdiction is instead over the Commissioner's determination that there is a deficiency.  See Hannan v. Commissioner, 52 T.C. 787, 791 (1969); H. Milgrim & Bros., Inc. v. Commissioner, 24 B.T.A. 853, 854 (1931) ("It may well be true that the respondent erred in his determination that a deficiency existed for this period.  But when he once determined that there was a deficiency, that fact gives us jurisdiction to determine whether or not it was correctly arrived at.").  This accords with the notion that the notice of deficiency is a procedural hurdle set up at a specific juncture of the assessment process, because the determination itself comes at a distinct point in the process.[11]  To wit:

> The determination from which a taxpayer may appeal is one which fixes the amount of deficiency in tax.  It is the final decision by which the controversy as to the deficiency is settled and terminated, and by which a final conclusion is reached relative thereto and the extent and measure of the deficiency defined. * * * As defined above a determination must be a settling of an existing controversy

---

[11]The Commissioner also treats notices of deficiency in this way--as an indication first and foremost that he has concluded his examination and is presenting the taxpayer with the details of his final determination.  See generally Internal Revenue Manual pt. 4.8.9 (July 28, 2015) (describing the Commissioner's internal procedures for issuing a notice of deficiency).

susceptible of consideration, decision, and conclusion--and a <u>termination</u> thereof. That which has not begun can not be terminated.

<u>Terminal Wine Co. v. Commissioner</u>, 1 B.T.A. 697, 701-702 (1925); <u>see also</u> <u>Couzens v. Commissioner</u>, 11 B.T.A. 1040, 1159 (1928) ("This must mean a thoughtful and considered determination that the United States is lawfully entitled to an amount not yet paid.").

Thus, our basic test for whether we have jurisdiction over a case should be: did the Commissioner reach a (substantive) determination at the conclusion of an examination, and did the Commissioner issue a (procedural) notice of deficiency pursuant to that determination?[12] We routinely elide these questions, because we rarely need to consider whether the Commissioner has not completed (or even begun) an examination before issuing a notice of deficiency. However, that issue distinctly arose in <u>Scar v. Commissioner</u>, 814 F.2d at 1367-1369, in which the Court of Appeals held that we improperly asserted jurisdiction over a petition filed in response to a notice that actually reflected only a preliminary finding and was

---

[12]Applying this test is straightforward in most cases, because when we are asked to determine whether we have jurisdiction, it is almost always by the Commissioner in the context of a motion to dismiss. Although petitioners always have the burden of proving that we have jurisdiction in response to such a motion, we should generally find that where the Commissioner indicates in support of his motion that he has not examined or has not completed his examination of a taxpayer's return, it is logically impossible for the taxpayer to carry this burden. <u>See, e.g.</u>, <u>Page v. Commissioner</u>, 297 F.2d 733, 734 (8th Cir. 1962).

not the result of an actual examination. The issue was also addressed in <u>Portillo v. Commissioner</u>, 932 F.2d 1128 (5th Cir. 1991), <u>aff'g in part, rev'g in part</u> T.C. Memo. 1990-68, and <u>Clapp v. Commissioner</u>, 875 F.2d 1396 (9th Cir. 1989), in which the Courts of Appeals agreed with us that the Commissioner did in fact reach determinations over which we had jurisdiction.

The opinion of the Court is an excellent example of how we confuse these substantive and procedural jurisdictional questions. It phrases its two-prong approach as "whether the notice objectively put a reasonable taxpayer on notice that the Commissioner determined a deficiency in tax for a particular year and amount. * * * [I]f * * * the notice is ambiguous * * * [t]hen our caselaw requires the party seeking to establish jurisdiction to establish that the Commissioner made a determination and that the taxpayer was not misled by the ambiguous notice." <u>See</u> op. Ct. pp. 8-9. But we have jurisdiction over a deficiency determination, as a substantive matter, regardless of whether the notice of deficiency understandably reflects it or not, as long as a notice of deficiency was in fact issued, as a procedural matter.

Again, it is difficult and unsettling to attempt to philosophically untangle the abstract concept of the deficiency determination and its tangible representation in the notice of deficiency, but it is critical to understanding the Court of Appeals'

holding in Scar and ultimately clarifies why a jurisdictional test focusing on the substantive determination rather than the procedural notice is preferable. Rather than getting bogged down in questions about whether a notice of deficiency is valid, by asserting our jurisdiction over essentially any notice that the Commissioner issues at the conclusion of an examination, we provide due process to as many taxpayers as possible. Declining jurisdiction where a notice does not represent a final determination does no harm to a taxpayer--once the examination is completed and a final determination reached, he or she will again have the opportunity to petition this Court for review. Holding instead, as the dissenters suggest, that some notices of deficiency are so inadequate that we do not have jurisdiction over the determinations they represent would increase rather than decrease confusion about our jurisdictional reach, particularly for taxpayers such as petitioner, who correctly read and followed the portion of the notice he received describing his right to further due process in this Court.

II.    The Unique Facts of This Case

It is a longstanding principle that the party invoking this Court's jurisdiction bears the burden of demonstrating that it exists. La. Naval Stores, Inc. v. Commissioner, 18 B.T.A. 533, 536 (1929); Consol. Cos. v. Commissioner, 15 B.T.A. 645, 651 (1929). In most of the cases before us, that party is the taxpayer,

who invokes our jurisdiction by filing a petition.  See Consol. Cos. v. Commissioner, 15 B.T.A. at 652.  In rare cases, that party may be the Commissioner, in response to a taxpayer's motion to dismiss, presumably filed with the intent to somehow forestall the Commissioner's assessing the deficiency thereafter.  See, e.g., Pietanza v. Commissioner, 92 T.C. 729, 736-737 (1989) (successfully asserting lack of jurisdiction after statutory period of limitations on assessment had expired), aff'd without published opinion, 935 F.2d 1282 (3d Cir. 1991).  In this case, though, neither party explicitly challenges the Court's jurisdiction.  As a result, petitioner, having filed a petition and thus initially invoked our jurisdiction, retains the burden of demonstrating that it exists.[13]

The opinion of the Court reaches a different conclusion.  Although it acknowledges the principle in passing, it does not address how it generally applies in practice, and instead suggests that the Commissioner, not the taxpayer, bears the burden of demonstrating jurisdiction as part of the second prong of its approach. But that makes no sense in the context of this case, in which petitioner does not challenge the Court's jurisdiction and respondent is likely indifferent as to whether we have jurisdiction--the parties have already agreed on terms for a

---

[13]For the sake of completeness, I believe petitioner carried this burden by attaching to his petition, per Rule 34(b)(8), a copy of the valid notice of deficiency that he received.

settlement, which they could simply enter into on their own were we to dismiss the case. In other words, respondent has no adversarial incentive to zealously argue his position here, and we should be very careful about promulgating new law on issues that are not fully in controversy.

The opinion of the Court raises even further questions by dividing the Commissioner's burden of proof into two parts--an objective one (the Commissioner must prove that he made a determination) and a subjective one (the Commissioner must prove that the notice he issued did not mislead the taxpayer). In particular, it is difficult to envision any way that the Commissioner could carry the latter burden, of proving a taxpayer's mental state, in a case where a taxpayer actively challenged our jurisdiction.

Most importantly, though, this part of the approach of the opinion of the Court is meaningless in context and in practice, because the fact establishing that petitioner was not misled is simply that petitioner filed a timely petition in response to the notice he received. In this way, the approach of the opinion of the Court is a solution in search of a problem--we will never find that we lack jurisdiction under it, because we will never be faced with a case in which a taxpayer has not filed a petition.

III.    Practical Considerations

The appropriate remedy for a notice of deficiency with confusing or inadequate content is not to declare that we do not have jurisdiction and refuse to hear the case, as the dissenters would do, but to shift the burden of proof to the Commissioner on any matter not reflected or incorrectly stated in the notice. This is our well-established practice in cases where jurisdiction is not at issue. See, e.g., Shea v. Commissioner, 112 T.C. at 190-197 (discussing Rule 142(a)(1) for the burden of proof on "new matter"). In terms of a jurisdictional test, this is also in line with the holdings of Clapp and Campbell v. Commissioner, 90 T.C. 110 (1988)--where a legitimate question exists as to whether a notice represents an actual, final determination, the burden of proof is on the Commissioner to show that it does.

Further, because of this rule, I fail to see how declining jurisdiction over a petition filed in response to such a notice, or even suggesting that we might decline jurisdiction over such a petition, as the opinion of the Court does, would be in any way a taxpayer-friendly rule. Because the period of limitations on assessment is tolled while a taxpayer's petition is pending, sec. 6503(a)(1), even if the petition is dismissed for lack of jurisdiction, see, e.g., Estate of Gudie v. Commissioner, 137 T.C. 165, 174 (2011), dismissing the petition simply invites

the Commissioner to issue a corrected notice. If the taxpayer files a petition in response to this second notice, we will presume the notice correct and the taxpayer will bear the burden of proof on all issues. Conversely, asserting jurisdiction regardless of a notice's content encourages the Commissioner to get it right the first time.

Even in cases in which the Commissioner sends an inadequate notice of deficiency, the taxpayer does not petition us for redetermination, and tax is subsequently assessed, the taxpayer is not completely out of luck. The taxpayer has the option to pay the assessed tax and pursue a refund claim, after which he or she is entitled to file a suit for refund in a U.S. District Court or the U.S. Court of Federal Claims. Or, if the taxpayer does not become aware of the assessment until receiving a collection notice, the taxpayer can seek relief in a collections due process hearing, after which he or she is entitled to petition this Court for review. Although our caselaw probably would not allow us to find that a taxpayer who receives an inadequate notice of deficiency was not issued a notice of deficiency and thus is entitled to challenge his or her underlying liability under section 6330(c)(2)(B) (as Judge Foley correctly notes in his dissent, see Foley op. note 2, but which is true regardless of the outcome of this case), we could instead find that the Commissioner, in issuing an inadequate notice, failed to fulfill the necessary

administrative procedures, including those in the Internal Revenue Manual, under section 6330(c)(1).

In short, I believe that we can exercise jurisdiction over this case within the statutory confines Congress established and in a way that adequately protects future litigants and promotes consistent practice before us, without taking the same liberties as to these considerations that the opinion of the Court does. Consequently, I respectfully decline to join the opinion of the Court.

FOLEY, J., dissenting:  The $0 deficiency notice at issue is invalid.  It certainly does not "fairly advise the taxpayer that the Commissioner has, in fact, determined a deficiency and * * * specify the year and amount."  See Foster v. Commissioner, 80 T.C. 34, 229-230 (1983), aff'd in part, vacated in part on other grounds, 756 F.2d 1430 (9th Cir. 1985); see also Pietz v. Commissioner, 59 T.C. 207, 213-214 (1972).  Nor does it unequivocally advise the taxpayer that the Commissioner intends to assess his tax liability.  See Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937).  Indeed, it informs the taxpayer that the Commissioner has not determined a deficiency and thus falls woefully short of satisfying our existing precedent relating to a notice's validity.

The existence of a deficiency is a notice's most fundamental requirement. The Commissioner is not required to give the correct deficiency amount, but he is required to determine an amount, and $0 is not a deficiency.  The opinion of the Court cites a myriad of cases referencing notices dating back to 1919, see op. Ct. pp. 6-13, yet none of those cases hold valid a notice which informs the taxpayer that he does not have a deficiency.[1]

---

[1]See Miles Prod. Co. v. Commissioner, 96 T.C. 595, 604 (1991) (holding valid a notice referencing calendar year rather than fiscal year), aff'd, 987 F.2d 273 (5th Cir. 1993); Campbell v. Commissioner, 90 T.C. 110, 110-111 (1988) (holding valid a notice containing computational pages relating to the wrong

(continued...)

At the May 18, 2016, hearing relating to the Court's order to show cause, respondent's counsel explained that "[the notice] can't be something * * * where there hasn't been a determination. There can't be something where it's so incomprehensible that a taxpayer couldn't understand what's going on." Yet, when asked whether the notice unequivocally determines a deficiency, counsel replied:

> I think that it unequivocally says that we've determined a deficiency. It just does not have the right amount on the first page. * * * But the fact that we made a determination is clear in this letter. How much it is, you have to look at the fifth page and look at the calculation to try and figure that out. Or look at your earlier correspondence, or pull out your return and see how much [sic] the tax credit you claimed.

This notice does not fairly advise Mr. Dees that the Commissioner has determined a deficiency of a specific amount. It is merely a letter informing him

---

[1](...continued)
taxpayer); Burford v. Commissioner, 76 T.C. 96, 100 (1981) (holding valid a notice referencing calendar year rather than quarter at issue), aff'd, 786 F.2d 1151 (4th Cir. 1986); Zenco Eng'g Corp. v. Commissioner, 75 T.C. 318, 321-322 (1980) (holding valid a notice properly mailed to the correct address but returned as "refused"), aff'd without published opinion, 673 F.2d 1332 (7th Cir. 1981); Clodfelter v. Commissioner, 57 T.C. 102, 105 (1971) (holding valid a notice mailed to the incorrect address when the taxpayer receives notice through other means), aff'd, 527 F.2d 754 (9th Cir. 1975); Saint Paul Bottling Co. v. Commissioner, 34 T.C. 1137, 1138 (1960) (holding valid a notice that references the incorrect taxable years but has the proper years referenced in attachments); Wilkens & Lange v. Commissioner, 9 B.T.A. 1127, 1128 (1928) (holding valid a notice that references the incorrect taxable year).

to begin a scavenger hunt for the Commissioner's intent. Mr. Dees purchased TurboTax Audit Defense and thus was aided by counsel. Most taxpayers (i.e., low-income taxpayers eligible for the refundable credit at issue), however, do not have representation and will be unassisted in their quest to decipher these notices.[2] At the hearing to show cause the Court incredulously asked respondent's counsel:

> [W]hat you're suggesting is that if a particular Petitioner got this notice and was able to divine from it that there's a deficiency buried in there somewhere and filed a petition, your suggestion is that, well, we ought to have jurisdiction over that case?

Respondent's counsel answered "Yes", and the opinion of the Court has acquiesced by crafting a rule conferring validity on a notice informing petitioner of a $0 deficiency. Mr. Dees' "notice of deficiency" informed him that he did not have a deficiency, and the opinion of the Court has rubberstamped it valid. Only

---

[2]While the notice in this case related to a refundable tax credit, the precedent here will extend to notices issued to increase tax liabilities. Some taxpayers receiving those notices will petition the Court. Their ticket to the Tax Court will also be a ticket to the gallows. Other taxpayers will not file petitions and may ultimately seek relief (i.e., pursuant to sec. 6320 or 6330) when the IRS attempts to collect. If we invalidate $0 deficiency notices, taxpayers would typically prevail in collection proceedings. Instead, our determination of whether the taxpayers were misled will now determine their fate.

taxpayers with counsel at the ready and pro se taxpayers with extrasensory perception will be able to divine the meaning of these misleading missives.

COLVIN, VASQUEZ, GALE, GOEKE, GUSTAFSON, and MORRISON, JJ., agree with this dissent.

GUSTAFSON, J., dissenting:  I join Judge Foley's dissent, and I write separately to state my disagreement with a particular statement in the opinion of the Court:  The opinion of the Court wrongly asserts that the notice issued to the petitioner "is not a '$0 deficiency notice'" because "[t]he attachment to the notice of deficiency informs Mr. Dees that he has a 'Decrease to Refundable Credits' of $484, which results in tax increase."  See op. Ct. note 3.

The question before us is not whether IRS personnel determined a deficiency in petitioner's income tax (I assume they did), nor whether there is such a deficiency (I assume that there is), but whether "notice" of such a "deficiency" was "mailed" to petitioner, for purposes of section 6213(a).[1]  I note the word "mailed" to stress the point that a notice of deficiency--on which our jurisdiction utterly depends--is a piece of paper that can be mailed.  It is not enough that IRS personnel came to a conclusion that there is a deficiency, nor even that the taxpayer came to an understanding that the IRS had so concluded.  Rather, the IRS must mail a notice of a deficiency.  And what is a "deficiency" of which notice must be mailed?

---

[1]Section 6213(a) provides:  "Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed * * *, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency."

To oversimplify, a "deficiency" is an amount of tax due that the taxpayer did not report on his return. But in fact the computation of a deficiency can be quite complicated. As relevant here, "deficiency" is defined in section 6211(a) as--

> the amount by which the tax imposed by subtitle A * * * exceeds the excess of--
>
> > (1) the sum of
> >
> > > (A) the amount shown as the tax by the taxpayer upon his return, * * * plus
> > >
> > > (B) the amounts previously assessed (or collected without assessment) as a deficiency, over--
> >
> > (2) the amount of rebates, as defined in subsection (b)(2), made.

Subsection (b) of section 6211 adds these significant additional rules:

> (b) Rules for Application of Subsection (a).-- For purposes of this section--
>
> > (1) The tax imposed by subtitle A and the tax shown on the return shall both be determined without regard to payment on account of estimated tax, without regard to the credit under section 31, without regard to the credit under section 33, and without regard to any credits resulting from the collection of amounts assessed under section 6851 or 6852 (relating to termination assessments).

(2)  The term "rebate" means so much of an abatement, credit, refund, or other payment, as was made on the ground that the tax imposed by subtitle A or B or chapter 41, 42, 43, or 44 was less than the excess of the amount specified in subsection (a)(1) over the rebates previously made.

(3)  The computation by the Secretary, pursuant to section 6014, of the tax imposed by chapter 1 shall be considered as having been made by the taxpayer and the tax so computed considered as shown by the taxpayer upon his return.

(4)  For purposes of subsection (a)--

(A)  any excess of the sum of the credits allowable under sections 24(d), 25A by reason of subsection (i)(6) thereof, 32, 34, 35, 36, 36B, 168(k)(4), and 6431 over the tax imposed by subtitle A (determined without regard to such credits), and

(B)  any excess of the sum of such credits as shown by the taxpayer on his return over the amount shown as the tax by the taxpayer on such return (determined without regard to such credits),

shall be taken into account as negative amounts of tax.
[Emphasis added.]

Thus, a deficiency is an "amount"--i.e., the amount by which the tax imposed exceeds the "excess" calculated by these complicated provisions in section 6211(a) and (b).  A "notice" of a deficiency must therefore be a notice of this "amount".  But if the tax imposed does not exceed the "excess" defined in

section 6211(a) and (b), then the formula yields zero--i.e., zero excess of tax imposed over tax reported--and there is no deficiency.

As the opinion of the Court explains, this case involves one of the complications of section 6211(b):  The IRS disallowed the refundable credit under section 36B that the taxpayer had claimed on his return; and, as the emphasized text above in section 6211(b)(4) indicates, an excess credit under section 36B is indeed a component of the deficiency calculation (taken into account as a negative amount of tax in figuring the tax reported by the taxpayer).  However, in stating that such a disallowance "creates a deficiency in tax", see op. Ct. note 2, the opinion of the Court is imprecise.  Whether an excess credit under section 36B actually gives rise to a "deficiency" depends, of course, on the other terms of the deficiency calculation.  A taxpayer who claims an excess credit under section 36B will have a deficiency only if all the components of the calculation taken together produce an "amount".  No component in itself "creates a deficiency".  If another component in the computation is taxpayer-favorable and offsets the excess credit, then at the bottom line there may be no deficiency.

In this case, what the IRS mailed to petitioner was a letter, bearing the caption "Notice of Deficiency", that stated:  "We determined that there is a

deficiency in your income tax which is listed above". However, "listed above" on the letter is the following:

Deficiency: $.00

The letter went on to say: "The computation at the end of this letter shows how we figured the deficiency"; but that computation at the end is as follows:

Tax Deficiency Computation

| | | |
|---|---|---|
| Change in Tax Shown on Return | $ | .00 |
| Plus: Decrease to Refundable Credits | | 484.00 |
| Tax Deficiency / Increase in Tax | | .00 |

Thus, the letter twice gives the amount of the deficiency as zero. Nowhere on the letter is there stated to be a deficiency in any other amount. If the difference between the tax imposed and the "excess" defined in section 6211(a) and (b) is zero, then by definition there is no deficiency. A notice that reports such a zero is not a notice of a deficiency; it is a notice of <u>no</u> deficiency.[2]

_____

[2]Judge Ashford's concurring opinion states that the notice required by sections 6212(a) and 6213(a) "is only that the Commissioner has determined a deficiency". See Ashford op. p. 28. By this reasoning, the statutes would apparently be satisfied by a letter that stated: "We determined that there is a deficiency in your income tax, but we are not disclosing to you the amount of that deficiency." (Such a letter would seem to give notice not of a "deficiency" (which is an "amount") but instead of a determination. In fact, section 6212(a) provides: "If the Secretary determines that there is a deficiency in respect of any tax * * * he

(continued...)

Admittedly, the IRS's letter gives notice of disallowance of an excess credit claimed on the return. However, Congress has not given jurisdiction to the Tax Court when the IRS mails a notice of a disallowance.[3] We may acquire jurisdiction only when such a disallowance gives rise to a deficiency <u>and only when the IRS mails notice of that deficiency</u>. Here the IRS did not do so. Instead, the IRS mailed notice of a disallowance and of <u>no</u> deficiency. Therefore, the predicate for our deficiency jurisdiction under section 6213(a) is lacking, and I would dismiss this case for lack of jurisdiction.

COLVIN, FOLEY, VASQUEZ, GOEKE, and MORRISON, <u>JJ</u>., agree with this dissent.

---

[2](...continued)
is authorized to send notice of such <u>deficiency</u> to the taxpayer". (Emphasis added.) That is, the statute does not provide for a "notice of such <u>determination</u>".) However, we need not reach that hypothetical circumstance, since the letter at issue here <u>does</u> state an amount, viz., zero, which by definition is <u>not</u> a deficiency. Judge Ashford acknowledges that a purported notice of deficiency "might" be undone if it contained "a clearly contradictory statement", <u>see</u> Ashford op. note 10; but nothing could more clearly contradict a notice of a "deficiency" than a statement that the amount is zero.

[3]Where a disallowance does not give rise to a deficiency, the Tax Court lacks jurisdiction. <u>See</u> <u>Herbst Dep't Store v. Commissioner</u>, 7 B.T.A. 1150, 1150 (1927) (stating that the Tax Court's predecessor "has no jurisdiction to determine the correctness of the disallowance"). Likewise, where the IRS gives notice of a disallowance but does not give notice of a deficiency, we lack jurisdiction.